WEST COAST LUMBERMEN'S ASS'N v. LION LUMBER CORPORATION et al.

Civ. No. 11792.

United States District Court
D. New Jersey.

Nov. 4, 1949.

Carpenter, Gilmour & Dwyer, Jersey City, N. J. (per Charles B. Collins, Jersey City, N. J.), for plaintiff.

I. Michael, New York City, for defendants.

SMITH, District Judge.

This is a civil action under the Trade-Mark Act, Act of July 5, 1946, 15 U.S.C. A. § 1051 et seq. The complaint, which follows the usual pattern, charges the defendants with trade-mark infringement and unfair competition, and prays for the usual injunctive relief. The action is before the Court at this time on the motion of the plaintiff for an interlocutory injunction.

The motion is predicated solely on the verified complaint of the plaintiff, the affidavits of the plaintiff's employees, and the exhibits annexed to the said affidavits. The allegations of fact contained in this record are apparently not disputed by the defendants, who have filed no counter affidavits. The opposition of the defendants to the present motion rests solely on the legal arguments advanced in their briefs.

### Facts

#### I.

The plaintiff is a voluntary association incorporated under the laws of the State of Washington. The members of the association are engaged in the manufacture and sale of lumber. The corporate defendant is a corporation organized under the laws of the State of New Jersey and is engaged in the retail sale and distribution of lumber. The individual defendant is an officer of the latter corporation.

#### II.

The plaintiff is the owner of two trade-marks (Trade-Mark 368,989 and Trade-Mark 368,990), which were lawfully registered under the Act of February 20, 1905, as amended, on July 11, 1939. Pursuant to the provisions of the Act of July 5, 1946, supra, and the rules promulgated thereunder (Rules of Practice in Trade-Mark Cases, Section 100.301, 15 U.S.C.A.Appendix), the plaintiff republished the said trade-marks. The specific allegations of the complaint are directed to the infringement by the defendants of trade-mark 368,-990.

#### III.

The specific trade-mark in issue at this time is described as follows: two pentagonal figures—each having the form of a shield—JOINED by a horizontal line. The left shield bears the imprint "WEST COAST" in block letters arranged in characteristic design; the right shield bears the imprint "LBR—BUR" in block letters arranged in characteristic design. The form in which the trade-mark is actually used differs from that disclosed in the application for registration in that the right shield is depicted blank in the said application.

#### IV.

The trade-mark is and has been used by members of the association to identify lumber of their manufacture and of the species common to the west coast—California, Oregon and Washington, and the quality and grade thereof. It appears from one of the affidavits that the trade-mark as thus used has been known in the trade for many years.

#### V.

The corporate defendant, which is neither a manufacturer of lumber nor a member of the association, has used a colorable imitation of the said trade-mark to identify lumber sold and distributed by it. This colorable imitation is described as follows:

two pentagonal figures—each having the form of a shield, joined by two horizontal bars, between which there is imprinted a grade mark, to wit, the numerals 1, 2, etc. The left shield bears the imprint "WEST COAST" in block letters arranged in a characteristic design identical with that of the plaintiff's trade-mark; the right shield bears the imprint "LUM-BER" in block letters arranged in characteristic design, likewise identical with that of the plaintiff's trade-mark. The slight modification adopted by the corporate defendant is not sufficiently distinctive to dispel our conclusion that its mark is a colorable imitation of the plaintiff's trade-mark.

## VI.

The continued use by the corporate defendant of the colorable imitation hereinabove described is likely to occasion irreparable injury to the good will, reputation and business of the plaintiff. The temporary restraint of the defendant's use of this colorable imitation is not likely to cause injury to the good will, reputation and business of the defendant; the nature of its business is such that any other appropriate mark will adequately identify the product sold and distributed by it.

## Conclusions

### I.

The mark used by the corporate defendant to identify its lumber is a colorable imitation of the trade-mark adopted by the plaintiff and used by its members for many years to identify lumber of their manufacture. The continued use by the corporate defendant of this colorable imitation is likely to occasion irreparable injury to the good will, reputation and business of the plaintiff and its members.

### II.

A temporary injunction directed solely to the use by the corporate defendant of the colorable imitation is not likely to be productive of hardship, oppression or injustice.

### III.

The plaintiff's motion for a temporary injunction will, therefore, be granted upon its furnishing a bond in an amount sufficient to indemnify the defendants against loss or damage. The injunction, however, will be directed solely against the use by the defendants of the colorable imitation herein described and will not be extended to the use by the defendants of the term "WEST COAST." This term, except in conjunction with the particular trade-mark HERE IN question, is primarily geographical and its use may not be enjoined.

### IV.

The plaintiff will prepare and submit to the Court, on notice to the defendants, an order or decree consistent with these findings of fact and conclusions of law. The amount of the bond will be fixed by the court on settlement of the order or decree.

### V.

The issues raised by the defenses asserted in the brief of the defendants are not decided. The determination of these issues must await the trial of the action on the merits.